ORIGINAL

FLORENCE T. NAKAKUNI #2286
United States Attorney
District of Hawaii

THOMAS J. BRADY #4472
Chief, Criminal Division

LAWRENCE L. TONG #3040
Chief, Fraud & Financial Crimes Section
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Larry.Tong@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JAN 20 2016
at 11 o'clock and 12 min. __M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR. NO. CR16 00079 JMS |
| Plaintiff, | INFORMATION |
| vs. | [18 U.S.C. § 1341 and 26 U.S.C. § 7206(1)] |
| RAYMOND HIROSHI FUJII, | |
| Defendant. | |

INFORMATION

COUNT 1

(Mail Fraud)

The United States Attorney charges:

A. Introduction

At all times material to this Information:

1. Defendant RAYMOND HIROSHI FUJII ("FUJII") was owner and sole shareholder of Account Executives, Inc., a Hawaii corporation which he formed on August 11, 1995.

2. FUJII was owner and sole shareholder of RHF, Inc., a Hawaii corporation which he formed on January 31, 1997.

3. The Painting and Decorating Contractors Association of Hawaii ("PDCA of Hawaii") was an association of painting, decorating and finishing contractors in the State of Hawaii, whose members were signatory employers of the International Union of Painters and Allied Trades, Painters Local Union 1791, AFL-CIO ("the Union"). The PDCA of Hawaii represented its members and other signatory employers in collective bargaining with the Union.

4. The Painting Industry of Hawaii Trade Promotion and Charity Fund, ("TP&C") was a trust fund used to promote the painting industry and to make

charitable contributions on behalf of the painting industry and its employees. Signatory employers of the Union made contributions to the TP&C as established by the Collective Bargaining Agreement (hereinafter "CBA") between the PDCA of Hawaii and the Union. Employer contributions to the TP&C fund were based on a fixed amount for each hour a union member worked.

5. In or around 1996, Account Executives, Inc. entered into a consulting agreement with the PDCA of Hawaii under which FUJII was to provide administrative services and serve as its Executive Director.

6. As Executive Director of the PDCA of Hawaii, FUJII's responsibilities included representing the association in CBA negotiations and disputes with the Union, and promoting and securing work for unionized painting, decorating and finishing contractors in the State of Hawaii.

7. As the Administrator for the PDCA of Hawaii and the TP&C, FUJII's responsibilities included organizing and directing the joint board meetings and preparing the meeting minutes. FUJII was also responsible for writing checks, maintaining the books and records, and preparing the financial statements for the PDCA of Hawaii and the TP&C. FUJII was an authorized signatory on the bank accounts for the PDCA of Hawaii and the TP&C.

## The Scheme and Artifice to Defraud

8. From on or about February 19, 1997 and continuing to on or about May 8, 2014, in the District of Hawaii, RAYMOND HIROSHI FUJII, Defendant herein, did knowingly devise, and intended to devise, a scheme and artifice to defraud and to obtain money from the PDCA of Hawaii and the TP&C by means of materially false and fraudulent pretenses, representations and promises, as well as omissions of material fact, well knowing at the time that such pretenses, representations, promises and omissions would be and were falsely made, all as more fully described below.

    A. FUJII prepared checks made payable to RHF, Inc., his company, and drawn on the accounts of the PDCA of Hawaii and the TP&C, falsely making it appear as if RHF was entitled to such payments, when in fact it was not.

    B. In some cases, FUJII obtained the signatures of board members on blank checks by falsely representing that the checks would be used for authorized purposes, when in fact they were not. In other cases, FUJII forged the signatures of board members, falsely making it appear as if the payments were authorized, when in fact they were not. Such checks included a September 10, 2013 check for $20,000 made payable to RHF, Inc., and drawn on the TP&C's Hawaii National Bank checking account number XXX1767, which bore FUJII's signature and a

signature of the second authorized signer, which FUJII forged without that person's knowledge or consent.

      C.  FUJII provided false financial statements to board members, on which he deliberately omitted any entries reflecting checks or payments to RHF, Inc.

9.  As a result of the foregoing conduct, FUJII misappropriated and embezzled approximately $1,483,800 from bank accounts for the PDCA of Hawaii and the TP&C.

## The Mailing

10.  On or about November 14, 2013, in the District of Hawaii, RAYMOND HIROSHI FUJII, Defendant herein, for the purpose of executing and attempting to execute the aforesaid scheme and artifice to defraud, did cause to be placed in an authorized depository for mail matter, a PDCA of Hawaii and TP&C board of directors meeting packet to be sent and delivered by the United States Postal Service to LB, which meeting packet included a financial statement for the TP&C dated October 2013 that failed to include the disbursement of $20,000 to RHF, Inc. from the TP&C's Hawaii National Bank checking account number XXX1767.

All in violation of Title 18, United States Code, Section 1341.

## COUNT 2

(Making and Subscribing a False Tax Return,
Statement or Other Document)

The United States Attorney further charges:

On or about March 4, 2010, in the District of Hawaii, RAYMOND HIROSHI FUJII, Defendant herein, did willfully make and subscribe a Form 1040, U.S. Individual Income Tax Return for the calendar year 2009, which was filed with the Internal Revenue Service and was false to a material matter; verified by a written declaration that it was made under the penalties of perjury, which said income tax return he did not believe to be true and correct as to a material matter in that Schedule E (Supplemental Income and Loss) included with his income tax return reported total partnership and S Corporation income of $1,917 from Accounts Executives, Inc. and RHF, Inc., whereas the Defendant well knew and believed that it was approximately $122,517.

All in violation of Title 26, United States Code, Section 7206(1).

///

///

///

DATED: January 19, 2016, at Honolulu, Hawaii.

FLORENCE T. NAKAKUNI
United States Attorney
District of Hawaii

THOMAS J. BRADY
Chief, Criminal Division

LAWRENCE L. TONG
Chief, Fraud & Financial Crimes Section

United States v. Raymond Hiroshi Fujii
Cr. No. _____
"Information"